### FLORIDA BUSINESS LEADER, Inc. v. MACKLE BROS. DIV. DELTONA CORP.

No. 160376.

Small Claims Court, Dade County.

November 30, 1966.

Ralph F. Miles, Hialeah, for plaintiff.

John P. Mudd, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered for the plaintiff in the sum of $161.25, together with court costs in the sum of $8.40. The evidence is legally sufficient to establish liability.

Plaintiff published advertising matter for the defendant corporation for which the plaintiff now seeks to recover only the costs of such printing. Defendant's obligation herein (plaintiff's exhibit #1) commenced with a letter from the plaintiff newspaper publisher to the defendant's public relations director or agent, advising him that from the date of said letter (March 1, 1966) — ". . . should you continue sending us releases, photographs, etc., it shall be regarded as instruction on your part for us to publish the same at a special reproduction rate of $2.50 per column inch (which reimburses us only for actual labor, composition, paper, ink, engraving or photo charges, printing, addressing and mailing costs)." The evidence shows defendant received said letter by registered mail (plaintiff's exhibit #1).

After March 1, 1966 the defendant corporation mailed to the plaintiff "news releases" which the plaintiff published in its newspaper (as evidenced by copy of statement from plaintiff to defendant — plaintiff's exhibit #3).

Defendant contends that the publications violated 39 U.S.C.A. §4367 and that any recovery by plaintiff would be against public policy. That section provides — "Editorial or other reading

matter contained in publications entered as second class mail and for the publication of which a valuable consideration is paid, accepted or promised, shall be marked plainly 'advertisement' by the publisher." Pub. L. 86-682, Sept. 2, 1960, 74 Stat. 671.

Defendant has called the court's attention to a portion of the abovementioned letter written by plaintiff to defendant (plaintiff's exhibit #1) wherein the plaintiff by and through its president stated — "In the absence of specific or marked instructions, such as photo sizes, column widths, editing, etc., we promise to exercise our best editorial judgment without taking advantage of such omission. Invoices for space will be sent you after publication, together with customary tear sheets, unless you are a regular contributor, in which case we will invoice your account monthly. Charges will include space used for heads and picture outlines. *The published material will bear no 'Adv.' identification but will be of the 'reader' type".* (Italics added.)

18 U.S.C.A. §1734 provides — "Whoever, being an editor or publisher, prints in a publication entered as second class mail, editorial or other reading matter for which he has been paid or promised a valuable consideration without plainly marking the same 'advertisement' shall be fined not more than $500." Added Pub. L. 86-682, §7, Sept. 2, 1960, 74 Stat. 706.

Defendant contends that any paid advertising matter published in the newspaper not marked as such, as required by the abovementioned federal statutes, precludes recovery and cites in support of its position Finley Method Co. v. Standard Asphalt Co. of Fla., Inc., Fla., 139 So. 795.

The court has carefully examined that case and is of the opinion that the principles cited therein are not applicable to the contract in this case Without entering into a lengthy discussion of the case, suffice it to say that the plaintiff there was precluded from recovering because of certain agreements involved therein restricting free competition on *public contracts* subject to competitive bidding under the laws of Florida. In brief, the state of Florida was a party to that contract since it involved a contract for construction of *public* roads.

The contract upon which plaintiff seeks to recover herein is not a *public* contract but a contract between *private* parties. Moreover, any wrongdoing or alleged statutory violation on the part of the plaintiff does not inhere in the contract in question.

The principles applied in Meyer v. Buckman, Ill. App., 129 N.E.2d 603, govern the contract rights of the parties herein. The Illinois court said —

"We do not believe the consequences of a violation or intended violation of Section 4 by the plaintiff, if he so did or so intended, extend beyond the infliction of the criminal penalties prescribed by the Act, or that the Legislature, by implication, intended, in addition to the criminal penalties, to impose the additional and possibly greater penalty of determining his contract with the third party to be illegal, null and void. *The statute imposes no restriction or inhibition on the plaintiff pertaining to suits or recovery.* If he violated or intended to violate the act, the criminal penalties are exclusive. Had the Legislature intended otherwise it would, and could readily have, said so." (Italics added.)

The court is aware that the United States Supreme Court in Lewis Publishing Co. v. Morgan 33 S.Ct. 867, 875 (speaking of the legislative intent of the Post Office Appropriation Act of August 4, 1912, 37 Stat. at L., chapter 389, §2, now numbered in part as 39 U.S.C.A. §4367) said that the purpose of the statutory provision cited, supra was — " . . . *to enable the public to know whether matter which was published was what it purported to be or was in substance a paid advertisement."* (Italics added.)

Nothing is indicated in either section (39 U.S.C.A. 4367 or 18 U.S.C.A. 1734) that Congress intended to prohibit agreements between private parties providing that paid advertisements would *not* be marked as such.

The subject matter of the federal statutes cited is limited to the regulation of the use of the second class mail privileges. Said statutes do not govern the rights and obligations arising out of contracts between private parties, even though the use of the second class mail privileges is contemplated by the parties in the performance of such contracts.

It is the court's opinion, therefore, that the contract entered into between plaintiff and defendant herein is valid, binding and enforceable.

On the basis of the foregoing, and for the reasons stated, plaintiff is legally entitled to recover.